# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ALL STAR HEATING ) <br> & COOLING, INC. ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     vs. ) <br> ) <br> QUALITY HEATING AND AIR, INC., ) <br> d/b/a ALL STAR AIR, and ) <br> RICHARD CUSICK ) <br> ) <br>     **Defendants.** ) | **Cause No. 1:15-cv-1941-WTL-DLP** |

## ENTRY ON MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on the Plaintiff's motion for default judgment. (Dkt. No. 51.) The Defendants, Quality Heating and Air, Inc. ("Quality"), and Richard Cusick, did not respond to the motion and did not appear at the hearing on the motion, which was held on August 22, 2018. The Court, being duly advised, **GRANTS IN PART** the Plaintiff's motion, as set forth below.

## I. Legal Standard

Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id*.

## II. Background

The Plaintiff is a heating, ventilation, and air conditioning services provider based in Camby, Indiana. Since 2005, the Plaintiff, has operated under the name All Star Heating & Cooling, Inc. In 2014 Defendant Cusick opened Quality, a heating, ventilation, and air conditioning service provider based in Indianapolis, Indiana. Since July 2014, the Defendants have been operating under the names "All Star Air" or "Rick's All Star Air." The Plaintiff asserted claims of unfair competition and trademark infringement, seeking damages and injunctive relief. By virtue of the entry of default against the Defendants, the Plaintiff's allegations as to liability are taken as true. The Plaintiff now seeks entry of default judgment.

## III. Discussion

### A. Injunctive Relief

The Court finds the Defendants' use of the marks and names "All Star Air," and "Rick's All Star Air" to be confusingly similar to the Plaintiff's use of the mark and name "All Star Heating & Cooling, Inc." *See CAE, Inc. v. Clean Air Engn'g, Inc.*, 267 F.3d 660, 677-78 (7th Cir. 2001) (outlining the "[s]even factors [which] comprise the confusion analysis"). This amounts to a violation of 15 U.S.C. § 1125(a), and therefore the Court awards the Plaintiff the permanent injunction it seeks.

### B. Damages

The Plaintiff seeks $187,455.00 in damages, including $122,455.00 in lost profits "as evidenced by the decrease in gross receipts reflected on Plaintiff's business entity tax returns from tax year 2015 to tax year 2016,"[1] Dkt. No. 54 at 5, and "monthly advertising fees spent at a

---

[1] While the Plaintiff asserts that the decrease in gross receipts establishes its lost profits, it is unclear to the Court how such a calculation would do so. Examining the tax returns submitted to the Court, it appears the difference in *profits* between 2015 and 2016 amounted to $37,567.00.

rate of $1444.67 for 39 months," *id*. at 7.[2]  Unfortunately, the Plaintiff has not established what proportion of the decrease in profits or what proportion of the advertising costs can be attributed to the Defendants' unfair competition and trademark infringement.[3]  Because the Court is unable to ascertain with "reasonable certainty," *In re Catt*, 368 F.3d at 793, the amount of damages that should be awarded, it must decline to do so.

### C.   Attorneys' Fees

Pursuant to 15 U.S.C. § 1117(a), the Court "in exceptional cases may award reasonable attorney fees to the prevailing party."  According to the Supreme Court, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014).[4]  Considering the clear similarities between the Plaintiff's name and mark and the Defendants' infringing names and marks, the Court considers the Plaintiff to be in a strong litigating position.  Additionally, considering the Defendants' default, the Defendants clearly litigated this case in an unreasonable manner.  Accordingly, the Court finds this to be an exceptional case.  The Court further finds the amount of attorneys' fees sought by the Plaintiff, $11,013.47, to be reasonable and therefore awards the Plaintiff that amount in attorneys' fees.

---

[2] The Plaintiff also seeks eight percent prejudgment interest on the lost profits and advertising fees.

[3] Indeed, the Plaintiff stated on the record that its advertising costs actually decreased from 2015 to 2016.

[4] The Court acknowledges that *Octane Fitness* was a patent case, but because the language discussed in that case mirrors that in the relevant attorneys' fees statute, the Court finds it applicable to this case.

### D. Costs

Because the Defendants have been found to have violated 15 U.S.C. § 1125(a), an award of costs is appropriate pursuant to 15 U.S.C. § 1117(a). The only costs identified by the Plaintiff is the $400 filing fee, which the Court awards

### IV. Conclusion

For the reasons set forth above, the Plaintiff's motion for default judgment against the Defendants is **GRANTED IN PART**. The Court will enter judgment as follows:

- Attorneys' fees amounting to $11,013.47 and costs amounting to $400, to the Plaintiff; and

- A permanent injunction, prohibiting the Defendants from using in any way the name "All Star Air" or any other mark, designation, name, word, or phrase substantially similar thereto, including "Rick's All Star Air," as a corporate name, trademark, service mark, trade name, or assumed name.

SO ORDERED: 9/25/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Richard Cusick**
**4743 W. 1110 N**
**New Palestine, IN 46163**

Copies to all counsel of record via electronic notification